Benjamin T. Andersen
1000 SW Broadway #1740
Portland OR 97205
t. 503.222.2510
bta@btandersen.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 3:25-CR-284-MTK |
|---|---|
| Plaintiff, | |
| v. | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER |
| Julie Mikela Winters, | |
| Defendant. | |

The defendant represents to the court:

1. My name is Julie Winters, I am 47 years old.

2. I attended school through _High School_.

3. My attorneys, Benjamin Andersen and Jonathan Ogden, and I have discussed my case fully. I have received and read a copy of the Indictment filed against me and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of the charge, any lesser-included offenses, and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge alleged against me to which I am pleading "GUILTY" are as follows:

   **COUNT 2: Intimidating a Federal Officer**
   On or about June 24, 2025, in the District of Oregon, defendant JULIE MIKELA WINTERS, did intentionally and forcibly intimidate person(s) designated by 18 USC § 1114, to wit: federal protective service officer(s) engaged in official duties, with a dangerous and/or deadly weapon.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications that would affect my thinking or my ability to reason within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences could include loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government

beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

    e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained that, pursuant to Rule 11(c)(1)(B), although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I may have expected to receive, I do not have a right to withdraw my plea.

10. I know the maximum sentence is 20 years of imprisonment, three (3) years of supervised release and a fine of two hundred and fifty thousand dollars ($250,000).

11. I know that the judge, in addition to any other penalty, will order a special assessment of $100 as directed by law.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history, and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph 10, above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison, I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term, I will

be supervised by a probation officer according to terms and conditions set by the judge. In my case, the law authorizes a term of supervised release of not more than three (3) years. If I violate the conditions of supervised release, I may be sent back to prison for up to two (2) years (18 USC § 3583(e)(3)).

16. On any restitution or fine of $2,500 or more, I know that I may be required to pay interest unless that restitution or fine is paid within fifteen (15) days from the date of the entry of judgment.

17. I am not on probation, parole, or supervised release in any other state or federal case.

18. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor.

19. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing and signed by the parties, or confirmed by the record before the court.

20. My plea of "GUILTY" is not the result of force, threat, or intimidation.

21. I hereby request that the judge accept my plea of "GUILTY" to **Count 2 of the Indictment.**

22. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true: **On June 24, 2025, I swung a chef's knife in the air while federal officers who were guarding the ICE facility advanced on me.**

23. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney attached to this Petition.

SIGNED by me in the presence of my attorney, after reading all of the foregoing pages and paragraphs of this Petition on this 2nd day of October 2025.

_____
Julie Mikela Winters

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 3:25-CR-284-MTK |
|---|---|
| Plaintiff, | |
| v. | CERTIFICATE OF COUNSEL |
| Julie Mikela Winters, | |
| Defendant. | |

The undersigned, as attorney for defendant, hereby CERTIFY:

1. I have fully explained to the defendant the allegation contained in the Indictment, any lesser-included offenses, and possible defenses that may apply.

2. I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalties and other consequences of entering a plea of guilty described in the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 2nd day of October 2025.

_____
Benjamin T. Andersen
Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, Plaintiff, | Case No. 3:25-CR-284-MTK |
|---|---|
| v. | ORDER |
| Julie Mikela Winters, Defendant. | |

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 2nd day of October 2025 in open court.

_____
Hon. Mustafa T. Kasubhai
United States District Judge