Benjamin T. Andersen
1000 SW Broadway #1740
Portland OR 97205
t. 503.222.2510
bta@btandersen.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 3:25-CR-390-MTK |
|---|---|
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Julie Mikela Winters, | |
| Defendant. | |

Julie Winters, through counsel Benjamin Andersen and Jonathan Ogden, objects to the following portions of the presentence report (PSR) in this case. As this Court is aware, because the parties were interested in accelerating the setting of the sentencing hearing, the normal procedure of objecting to any offensive aspects of a draft PSR directly to the PSR writer prior to the final PSR being provided to the court was waived, which means that this Court must rule directly on any objections.

I. **JUSTIFICATION SECTION**

The first paragraph of the Justification section is misleading. The PSR describes the altercation as happening "as the defendant began to walk away." This is not accurate; video evidence shows that Ms. Winters had retreated from the facility and was well outside

the perimeter on the sidewalk when the ICE police force engaged her.  Video also shows
Ms. Winters throwing the knife into the property neighboring the ICE facility, not "toward
an officer," as described in this first paragraph.  This still from a video taken from a balcony
across the street from the ICE facility shows the knife, circled in red, and the closest officer,
circled in green (it also shows that Ms. Winters was well away from the ICE facility):



## II. PROPOSED SPECIAL CONDITIONS OF SUPERVISED RELEASE

Ms. Winters objects to the following proposed conditions of supervised release.

### A. SPECIAL CONDITION 3

Ms. Winters has not had any issues on pretrial release with regard to contact with the
ICE facility.  The no-contact zone as proposed in Special Condition 3 should be curtailed,
as any special condition must involve "no greater deprivation of liberty than is reasonably
necessary."  18 USC § 3583(d)(2).  A more reasonable special condition, if a no-contact
condition should be imposed at all, would be:

You must not knowingly enter the area bounded by South Abernathy Street to the North; SW Hamilton Ct. to the South; East of I-5 to the West; and the Willamette River to the East.

A special condition as proposed above effectuates the exact same purpose as the special condition proposed in the PSR but is much less of a deprivation of liberty. There is no reasonable reason why Ms. Winters should be excluded from the area west of I-5, for example. The proposed exclusion border is below in blue. The PSR proposed exclusion zone is in red.



### B. SPECIAL CONDITIONS 4 AND 9

There is no evidence that Ms. Winters suffers from any drug or alcohol abuse issues at present or during the commission of any offense, so there should not be any supervised release condition that mandates drug or alcohol treatment. Special Condition number #4 should not be imposed. For the same reasons, Special Condition #9 should not be imposed. Much of Ms. Winters' employment opportunity is as a cook at a bar or restaurant. There is no basis for Special Condition #9 and it would adversely affect Ms. Winters' ability to get a job, and so should not be imposed.

### C. SPECIAL CONDITIONS 12 THROUGH 15

There is no basis for the imposition of special conditions 12 through 15.

### D. IDENTIFYING DATA SECTION

Ms. Winters is not male; the Identifying Data section should be changed to reflect that her sex is female.

## III. PRETRIAL ADJUSTMENT SECTION

Ms. Winters objects to the following paragraphs of the pretrial adjustment section.

### A. PARAGRAPH 20

Paragraph 20 is generally accurate. An investigative report filed under seal as a supplement to the PSR of an interview with Ms. Winters' property manager indicates that the police did tell Ms. Winters that she could go home. Ms. Winters understood this as an allowance to go back to her apartment. Ms. Winters immediately informed her pretrial release officer. Also attached to the supplement to the PSR is a video from the "white supremacist journalist and known transphobe" referenced by Ms. Winters.

B.     PARAGRAPH 25

It does not appear that we have a copy of the VOA evaluation mentioned in this paragraph. The ASAM report and the report from Ms. Winters' prior treating psychologist attached to the supplement to the PSR do not indicate any personality disorder.

C.     PARAGRAPH 28

Paragraph 28 is not accurate. The video from social media attached to the supplement to the PSR shows that Ms. Winters did not have any sort of incendiary device. The incendiary devices as seen is the video are clearly thrown or fired from the ICE building rooftop. ICE facility cameras show Ms. Winters approaching the gate with a bicycle lock and chain in both her hands.

D.     PARAGRAPH 29

Paragraph 29 is misleading. As discussed supra in relation to the Justification section, Ms. Winters was far from the ICE facility gate when she retrieved the knife from an openly-carried scabbard on her waist (not from her backpack). She did waive the knife but she was well away from officers at that point. She quickly disposed of the knife, not by throwing it at OV1 but by throwing it into the lot of the neighboring property, where it was later recovered. Video from across the street shows that the knife was at least five feet from OV1 as it was thrown.

IV.    PENDING CHARGE SECTION

Ms. Winters denies much of the description in paragraph 73. This case is pending in Multnomah County Circuit Court.

PAGE 5 –     United States v. Winters, USDC Oregon Case No. 3:25-CR-390-MTK
            SENTENCING MEMORANDUM

## V. A TIME SERVED SENTENCE IS APPROPRIATE

Ms. Winters agrees with the government and the presentence report writer that a time-served sentence is appropriate.

Respectfully submitted this 10th day of December 2025.

_____
Benjamin T. Andersen, OSB 062562
Jonathan Ogden, OSB 185276